■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ISRAEL NADAL, Appellant.—Judgment, Supreme Court, Bronx County (Steven Lloyd Barrett, J.), rendered October 25, 1988, convicting defendant, after a jury trial, of robbery in the first degree and robbery in the second degree, and sentencing him to concurrent indeterminate terms of imprisonment of from five to fifteen years and four to twelve years, respectively, unanimously affirmed.

Defendant's conviction arises out of the gunpoint, mid-afternoon robbery of a livery cab driver on April 4, 1987, perpetrated by two men who took the victim's money, keys and cab. Defendant was not arrested for at least another six weeks. None of the robbery proceeds were recovered.

On summation, the prosecutor properly commented on the trial evidence, which consisted essentially of the victim's account of the robbery and his identification, both in-court and at a lineup procedure conducted approximately six weeks after the robbery, of defendant as one of the two robbers based upon the victim's close-range observations during a period of over one and one-half hours. Since the identification issue

which the jury had to resolve included the larger question of whether the complainant's identification was accurate, it was improper, however, for the prosecutor to argue that if the jury believed the complainant it must convict. Although defense counsel's summation included repeated attacks on the credibility of the complainant, he also argued that the witness was "not being accurate." We nevertheless find that reversal is not warranted. Any error in this regard was neutralized by the court's instruction that the jury was free to "disregard" any arguments which were "not accurate reflections of the evidence or illogical or unfair." The court's identification charge was thorough and evenly balanced and emphasized that the jury had to "consider the totality of the circumstances affecting the accuracy of [the] identification here." Finally, any error is harmless given the overwhelming evidence of guilt. *(See, People v Crimmins,* 36 NY2d 230, 242.)

We find no abuse of discretion by the trial court in the imposition of sentence, which, in the circumstances, is not excessive. Concur—Sullivan, J. P., Milonas, Rosenberger, Asch and Smith, JJ.